UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 4:19-cr-00303-BLW-1 |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| CODY J MOORE, | |
| Defendant. | |

## INTRODUCTION

Before the Court is a motion to dismiss filed by Defendant, Cody J. Moore. (Dkt. 147.) Moore contends that his rights under the Speedy Trial Act, 18 U.S.C. §§ 3161-3174, have been violated. The government opposes the motion. (Dkt. 150.) For the reasons discussed below, the Court will deny the motion.

## BACKGROUND

On September 24, 2019, Moore was charged in an indictment with one count of conspiracy to distribute methamphetamine, and two counts of possession with intent to distribute methamphetamine. (Dkt. 1.) Moore made his initial appearance

on the indictment on October 10, 2019, and trial was set for December 9, 2019. (Dkts. 16, 17.) On November 15, 2019, co-defendant Brian Felt filed a motion to continue (Dkt. 26), which the Court granted, resetting trial for March 9, 2020, and finding the time between the filing of the motion to continue and the new trial date to be excludable time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B) (iv), (h)(7)(A). (Dkt. 27.) Further, because Moore was joined for trial with co-defendant Felt, the time for trial had not yet run for Moore, and no motion for severance had been filed or granted, trial was reset to March 9, 2020, for Moore as well, with the time between Felt's filing of the motion and the new trial date excludable as to Moore under 18 U.S.C. § 3161(h)(6). (*Id.*)

On January 31, 2020, Defendant's retained counsel moved to withdraw. (Dkt 38.) The Court set a hearing on the motion to withdraw for March 10, 2020, and, due to the pending motion, reset trial to March 23, 2020. (Dkts. 39, 40.) At the March 10, 2020, hearing, the Court granted the motion to withdraw (Dkt. 41), and on March 18, 2020, the federal defender's office was appointed to represent Moore (Dkt. 45). The time between the filing of defense counsel's motion to withdraw and the granting of the motion and appointment of new counsel to represent Moore is excludable time. 18 U.S.C. § 3161(h)(1)(D), (7)(A) and(B).

On March 19, 2020, the Court issued an order continuing the trial to June 22,

2020, pursuant to General Order 360, to prevent the spread of the Novel Coronavirus (COVID-19) and protect public health. (Dkt. 46.) The delay caused by this continuance was deemed excludable time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A) and (B), as set out in the order. (*See id.*)

On June 10, 2020, Moore filed a motion to continue the trial on the grounds that the defense was continuing its investigation into the facts of the case, including requesting discovery documents and video. (Dkt. 49.) The Court granted the requested continuance and reset trial for August 17, 2020, finding the time between the filing of the motion to continue and the new trial to be excludable time under the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(B)(iv), (h)(7)(A). (Dkt. 50.)

On July 29, 2020, the federal defender's office moved to withdraw as counsel for Moore. (Dkt. 52.) Due to the pending motion to withdraw, the Court continued the trial to September 14, 2020. (Dkt. 54.) After holding a hearing on the motion to withdraw on August 18, 2020, the Court granted the motion (Dkt. 57) and appointed Criminal Justice Act (CJA) counsel Stratton Laggis to represent Moore (Dkt. 58). The time between the filing of defense counsel's motion to withdraw and the granting of the motion and appointment of new counsel to represent Moore is excludable time. 18 U.S.C. § 3161(h)(1)(D), (7)(A) and(B).

On August 25, 2020, Defendant filed a motion to continue the trial on the

grounds that new counsel was recently appointed and needed additional time to review discovery, discuss the facts and circumstances of the case with Moore, and prepare for trial. (Dkt. 59.) The Court granted the requested continuance and reset trial to December 14, 2020, finding the time between the filing of the motion to continue and the new trial date to be excludable time under the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(B)(iv), (h)(7)(A). (Dkt. 60.)

On November 3, 2020, Moore himself sent a motion to the Court via fax requesting that he be appointed new counsel. (Dkt. 75.) In this motion, Moore explained that he had only spoken to his counsel, Stratton Laggis, once in the interim since Laggis was appointed to represent him, and that Moore had made repeated unsuccessful attempts to contact Laggis. (*Id.*) On November 17, 2020, Defense counsel Laggis filed a motion to withdraw. (Dkt. 78.) After holding a hearing, the Court granted the pending motions to withdraw as counsel for Moore and for appointment of new counsel (Dkt. 79), and appointed CJA counsel Anthony Sasser to represent Moore (Dkt. 80). The time between the filing of defense counsel's motion to withdraw and the granting of the motion and appointment of new counsel to represent Moore is excludable time. 18 U.S.C. § 3161(h)(1)(D), (7)(A) and(B).

On November 23, 2020, the Court issued an order continuing the trial to

January 11, 2021, pursuant to General Order 376, to prevent the spread of the Novel Coronavirus (COVID-19) and protect public health. (Dkt. 81.) The delay caused by this continuance was deemed excludable time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A) and (B), as set out in the order. (*See id*.)

On December 7, 2020, Moore filed a motion to continue seeking additional time on the ground that the defense needed additional time for effective preparation. (Dkt. 82.) The Court granted the requested continuance and reset trial to April 12, 2021, finding the time between the filing of the motion and the new trial date to be excludable time under the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(B)(iv), (h)(7)(A). (Dkt. 83.)

On March 22, 2021, Moore filed a motion to continue trial on the ground that the defense needed additional time for effective preparation. (Dkt. 90.) The Court granted the requested continuance and reset trial to June 14, 2021, finding the time between the filing of the motion and the new trial date to be excludable time under the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(B)(iv), (h)(7)(A). (Dkt. 92.)

On May 17, 2021, defense counsel filed a motion to withdraw. (Dkt. 99.) After holding a hearing, the Court granted the motion, allowing defense counsel, Anthony Sasser, to withdraw as counsel, and took under advisement Moore's

request for appointment of new counsel. (Dkt. 103.) The Court ultimately granted

Moore's request for appointment of new CJA counsel, and on June 4, 2021,

appointed current defense counsel, Paul Echo Hawk, to represent Moore. (Dkt.

105.) The time between the filing of defense counsel's motion to withdraw and the

granting of the motion and appointment of new counsel to represent Moore is

excludable time. 18 U.S.C. § 3161(h)(1)(D), (7)(A) and(B).

On June 12, 2021, Moore filed a motion to continue trial, explaining that

defense counsel had recently been appointed to represent Moore and that Moore

and his new counsel need additional time to review discovery and prepare for trial.

(Dkt. 107.) The Court granted the requested continuance and reset trial to

September 20, 2021, finding the time between the filing of the motion and the new

trial date to be excludable time under the Speedy Trial Act, 18 U.S.C. §§

3161(h)(7)(B)(iv), (h)(7)(A). (Dkt. 108.)

On September 13, 2021, the Government filed a motion to continue trial on

the ground that two key witnesses were unavailable to testify on the September 20,

2021, trial date. (Dkts. 122, 123.)  Before the Court addressed the Government's

motion to continue, Moore signed a plea agreement, which was subsequently filed

with the Court on September 15, 2021. (Dkt. 130.) In light of the filing of the plea

agreement, the Court vacated the trial date, referred the case to a magistrate judge

for a change of plea hearing (Dkt. 131), and the case was set for a change of plea hearing (Dkt. 132).

However, on September 16, 2021, Moore faxed a letter to the Court in which he stated that he had felt pressured into entering the plea agreement, that he felt it was a mistake, and that he wanted to exercise his rights. (Dkts. 133, 137.) Based on this letter, the Court vacated the change of plea hearing, and reset the trial to begin on Friday, September 24, 2021, a date on which the Government had indicated at least one of its key witnesses would be available, with the other key Government witness available by Monday, September 27, 2021. (Dkt. 134; *see* Dkts. 122, 123.) On September 20, 2021, Defendant filed a motion to suppress. (Dkt. 142.)

On September 23, 2021, the Court entered an order granting the Government's motions to continue and finding the time between the filing of the motions and the new trial date of September 24, 2021, to be excludable under 18 U.S.C. § 3161(h)(3)(a) (excludable time for a "delay resulting from the absence or unavailability of . . . an essential witness") and (h)(7)(A) & (B). The Court also found the time between the filing of Moore's motion to suppress and the resolution of the motion to be excludable time under 18 U.S.C. § 3161(h)(1)(D) (excludable time for "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition, of such

motion") and (h)(7)(A) and (B). (Dkt. 146.)

On September 23, 2021, Defendant filed the pending motion to dismiss for violation of speedy trial act. (Dkt. 147.) On September 24, 2021, the Court denied Moore's motion to suppress. (Dkt. 148.) Also on September 24, 2021, following the Court's denial of the motion to suppress, Moore entered a conditional guilty plea, conditioned on his right to appeal the denial of his motion to suppress and the anticipated denial of his motion to dismiss for violation of speedy trial act.

## ANALYSIS

### A. Continuances Resulting from Changes in Defense Counsel

Moore argues that his rights under the Speedy Trial Act have been violated by the additional pre-trial delay attributable to his changes in attorney. He contends that this time is not excludable under the Speedy Trial Act because the attorney changes were not his fault but were because of either the attorney's withdrawal from the case or because of ineffective assistance of counsel.

The Speedy Trial Act provides: "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an . . . indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. 18 U.S.C. § 3161(c)(1). However, the Speedy Trial Act also provides that

certain periods of delay are excluded "in computing the time within which the trial of any such offense must commence." *Id.* at § 3161(h).

As to the multiple motions filed by Moore's prior counsel to withdraw, the time between the filing of the defense counsel's motions to withdraw and the Court's timely resolution of those motions and appointment of new counsel to represent Moore is excludable under 18 U.S.C. § 3161(h)(1)(D) (providing excludable time for "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion"). *See also* 18 U.S.C. § 3161(h)(1)(H) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court").

The Court declines Moore's invitation to determine whether one or more of his prior counsel rendered ineffective assistance of counsel. Whether prior counsel's motions to withdraw were based on Moore's dissatisfaction with counsel's performance and/or were based on Moore's belief—correct or mistaken—that his prior counsel's performance amounted to ineffective assistance, does not change the result. The time between the filing of the motions to withdraw by defense counsel, and the Court's timely resolution of those motions and the appointment of new counsel, is excludable time. *See* 18 U.S.C. § 3161(h)(1)(D),

(h)(1)(H), (7)(A) and(B).

## B. Defendant's Lack of Consent to Continuances

Moore contends that his prior attorneys have sought continuances, consented to excludable time, or otherwise waive his right to a speedy trial without his informed consent, and that this lack of consent denies his rights under the Speedy Trial Act. The Court disagrees.

Scheduling matters, such as the need for a continuance, are an attorney's prerogative and may be decided without client approval.[1] *Gonzalez v. United States*, 553 U.S. 242, 249 (2008); *New York v. Hill*, 528 U.S. 110, 115 (2000). Thus, pretrial delay resulting from a continuance sought by defense counsel is excludable under the Speedy Trial Act despite a defendant's claim that the continuance was sought without his knowledge or consent. *See United States v. Daychild*, 357 F.3d 1082, 1094-95 (9th Cir. 2004) (pretrial delay is excludable despite defendant claiming defense counsel's motions to continue were filed without his knowledge or consent). Finally, the language of the Speedy Trial Act

---

[1] Moore also contends that failure to obtain his consent denied him effective assistance of counsel. Because matters, such as the need for a continuance, are an attorney's prerogative and may be decided without client approval, the purported failure of prior defense to obtain Moore's consent before seeking continuances did not, in and of itself, render counsel's performance ineffective.

permits a court to grant a continuance "at the request of the defendant or his counsel. . . ," 18 U.S.C. § 3161(h)(7)(A), and thus confirms that a defendant's consent is not required before a continuance is granted.

## ORDER

**IT IS ORDERED that** Defendant's Motion to Dismiss for Violation of Speed Trial Act (Dkt. 147) is **DENIED.**

DATED: December 1, 2021

B. Lynn Winmill
U.S. District Court Judge